IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PIERRE LEVY,

       Plaintiff,

v.                                                  1:15-cv-01179-RJ-LF

VOLKSWAGEN AKTI ENGESELLSCHAFT,
a foreign corporation,
VOLKSWAGEN GROUP OF AMERICA, INC.,
a foreign corporation,
VOLKSWAGEN OF AMERICA, INC.
a foreign corporation.

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO STAY

THIS MATTER comes before the Court on Defendant Volkswagen Group of America, Inc.'s (Volkswagen) motion to stay.  Doc. 7.  Having read the motion, response, and reply, and being otherwise fully advised, the Court finds the motion is well taken and will be granted.

### I.    Introduction and Procedural Posture

This case is one of hundreds of similar cases across the country that arises from Plaintiff Pierre Levy's purchase of a Volkswagen diesel vehicle.  Levy alleges that the defendants deliberately deceived the public and regulators by selling millions of automobiles containing a "defeat device" designed to deceive regulatory agencies into believing that the vehicles complied with environmental laws and regulations.  Doc. 1-1 at 7–8.  The defeat device allegedly activated during emissions testing but deactivated during normal driving conditions, allowing the emission of pollutants far in excess of legal and regulatory standards.  *Id.*

Levy initiated this lawsuit in November of 2015 in the State of New Mexico, First Judicial District Court, County of Santa Fe.  Doc. 1-1.  Defendants removed the case to this court based on diversity jurisdiction.  Doc. 1 (filed December 31, 2015).  Beginning in December of 2015,  the Judicial Panel on Multidistrict Litigation (the "Panel") has transferred several hundred similar cases from across the nation to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Doc. 7 at 1; Doc. 12-1.  Volkswagen moved to stay these proceedings pending a determination by the Panel of whether this case should be joined with other related cases that have been previously consolidated in the case styled *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672.  *Id.*  Levy then filed a motion to remand this matter to the state court for lack of diversity jurisdiction as he limited his damages to an amount which does not meet the $75,000.00 amount-in-controversy requirement imposed by 28 U.S.C. § 1332(a).  Doc. 1-1 at 18; Doc. 8.

## II.   Discussion

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, a district court has the inherent power to stay a case.  *Landis v. North American Co*., 299 U.S. 248, 254 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*

The Court examines three factors when analyzing whether to stay a case pending transfer to the MDL Panel, including "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  *Rivers v. Walt*

2

*Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Torres v. Johnson & Johnson*, No. CIV. 14-743 KG/RHS, 2014 WL 6910478, *2 (D.N.M. Sept. 16, 2014) (unpublished) (noting that "more judges in this district apply the *Rivers* factors in deciding whether to grant a stay pending transfer to an MDL court").  All of the *Rivers* factors weigh in favor of granting a stay.

Potential prejudice to Levy is minimal, as the Panel has issued a conditional transfer order to include this case as a "tag-along action" in the multidistrict litigation.  *See* Doc. 12-1 (noting that the actions listed, including this action, "**are transferred** under 28 U.S.C. § 1407, the Northern District of California") (emphasis added).  The Panel's issuance of the conditional transfer alleviates Levy's concerns that his case will be delayed for an unknown period of time or that waiting for a determination by the Panel may infringe on his right to the expeditious vindication of his claim.  *See* Doc. 9 at 4.  Further, a pending motion to remand is not an impediment to transfer because Levy can present his argument regarding jurisdiction to the transferee judge.  *See Torres*, 2014 WL 6910478, at *2 (acknowledging that a district court may in its discretion stay proceedings pending an MDL transfer without first ruling on a pending motion to remand) (citing *Pace v. Merck & Co.*, No. CIV 04-1356MCA/ACT, 2005 WL 6125457 *1 (D.N.M. Jan. 10, 2005) (unpublished)) (other citations omitted).

On the other hand, if the Court denies a stay, Volkswagen will bear the burden of duplicative litigation in different courts and there is a possibility of conflicting decisions.  "More generally, if a stay is not entered, Defendants will likely be forced to repeat a large amount of discovery and motion practice in each of the separate cases."  *Torres*, 2014 WL 6910478, at *3 (internal quotation and brackets omitted).

Finally, a stay would prevent duplicative and possibly inconsistent rulings and would conserve judicial resources.  "Judicial resources are conserved by staying the action because, if the transfer order is ultimately granted, the Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Torres*, 2014 WL 6910478, at *3 (internal quotations and citation omitted).

Levy cites *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006), in support of his argument against a stay.  I find this case distinguishable and unpersuasive.  The court in *String Cheese* addressed a stay of discovery pending a ruling on a motion to dismiss, not a stay pending transfer to an MDL panel. *Id*. at *1.  Further, the *String Cheese* court considered a different set of factors than those generally considered by the judges in this district.  *Id.* at *2.

In light of the above analysis, I conclude that the proceedings in this case should be stayed pending transfer to the Panel.

IT IS ORDERED that Defendant Volkswagen Group of America, Inc.'s Motion for Stay (Doc. 7) is granted.  All proceedings in this case, including the filing of responsive pleadings or motions, are stayed pending the decision of whether to transfer this case to the Northern District of California for consolidation with other related cases.

Laura Fashing
United States Magistrate Judge

4